CV 05 0124

LEVENTHAL & KLEIN, LLP
60 Bay Street, 7th Floor
Staten Island, New York 10301
(718) 556-9600

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 10 2005 ★
BROOKLYN OFFICE

Attorneys for Plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN,

               Plaintiffs,

        -against-

CITY OF NEW YORK, DETECTIVE EDWARD RUSSOTTO
(Shield No. 609), JOHN and JANE DOE 1
Through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

               Defendants,

--------------------------------------------------------------------X

**COMPLAINT**

Index No. ROSS, J.

Jury Trial Demanded

MATSUMOTO, M.J.

       Plaintiffs JONATHAN BELL, RAY C. BELL, AND GRANVILLE PALIN, by their

attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as

follows:

## Preliminary Statement

     1.     Plaintiffs brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S. §1983 and 42 U.S. §1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the States of New York and the

United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

     2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

1

Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN are African-American males, citizens of the United States, and at all relevant times were residents of the City and States of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants, DETECTIVE EDWARD RUSSOTTO (Shield No. 609) ("Russotto"), and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment for defendant CITY OF NEW YORK.

12.    Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment for defendant CITY OF NEW YORK.

## FACTS

13.    On October 16, 2003, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were lawfully present in front of 130 Dongan Street, in the County of Richmond, City and State of New York.

14.    At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully approached the plaintiffs with guns drawn, and thereafter unlawfully stopped, searched, and arrested plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN, despite defendants' knowledge that they lacked probable cause to do so.

15.    Plaintiffs were thereafter transported to the 120th Precinct stationhouse in Richmond County.

16.    Plaintiffs were illegally strip searched inside the 120th Precinct stationhouse.

17.    Defendants thereafter initiated criminal proceedings against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN, despite defendants' knowledge that they lacked probable cause to do so.

18.    On or about May 6, 2004, all charges against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were terminated in their favor.

19.    As a result of the foregoing, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN sustained, *inter alia*, violations of privacy, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

20.    Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21.    All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

22.    All of the aforementioned acts deprived plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. § 1983.

23.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

24.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

4

25. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Unlawful Search and Seizure under 42 U.S.C. § 1983)

26. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. The illegal approach, stop and search of each plaintiff employed by defendants herein terminated plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN's freedom of movement through means intentionally applied.

28. As a result of the aforementioned conduct of defendants, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN sustained injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Illegal Strip Search under 42 U.S.C. § 1983)

29. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. The strip searches of each of the plaintiffs by defendants were objectively unreasonable and in violation of plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN's constitutional rights.

31. As a result of the aforementioned conduct of defendants, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

32. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

5

paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.    Defendants had an affirmative duty to intervene on behalf of plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN, whose constitutional rights were being violated in their presence by other officers.

34.    The defendants failed to intervene to prevent the unlawful conduct described herein.

35.    As a result of the foregoing, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN's liberty was restricted for an extended period of time and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

36.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

38.    As a result of the foregoing, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were deprived of their right to substantive due process.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

39.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.    As a result of the aforesaid conduct by defendants, plaintiffs JONATHAN BELL,

6

RAY C. BELL, and GRANVILLE PALIN were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

41.    As a result of the foregoing, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN's liberty was restricted for an extended period of time, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

42.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect if fully set forth herein.

43.    Defendants misrepresented and falsified evidence before the District Attorney.

44.    Defendants did not make a complete and full statement of facts to the District Attorney.

45.    Defendants withheld exculpatory evidence from the District Attorney.

46.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

47.    Defendants lacked probable cause to initiate criminal proceedings against JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

48.    Defendants acted with malice in initiating criminal proceedings against JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

49.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

50.    Defendants lacked probable cause to continue criminal proceedings against

7

plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN

51.    Defendants acted with malice in continuing criminal proceedings against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

52.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

53.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN's favor on May 6, 2004, when all charges were dismissed.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

54.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.    Defendants issued legal process to place plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN under arrest.

56.    Defendants arrested plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN in order to obtain a collateral objective outside the legitimate ends of the legal process.

57.    Defendants acted with intent to do harm to plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN without excuse or justification.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

58.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    Defendants, collectively and individually, while acting under color of state law,

8

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

60.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, searching, and seizing innocent individuals of African American descent and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that were the moving force behind the violation of plaintiffs JONATHAN BELL, RAY C. BELL, AND GRANVILLE PALIN's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

61.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

62.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN as alleged herein.

63.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the

9

constitutional violations suffered by plaintiffs JONATHAN BELL, RAY C. BELL, AND GRANVILLE PALIN as alleged herein.

64.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were unlawfully stopped, seized, arrested, detained, incarcerated, and subjected to illegal strip searches.

65.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN's constitutional rights.

66.     All of the foregoing acts by defendants deprived plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from seizure and arrest not based upon probable cause;

C.     To be free from unwarranted and malicious criminal prosecution;

D.     To be free from malicious abuse of process;

E.     Not to have cruel and unusual punishment imposed upon him;

F.     To receive equal protection under law; and

G.     To be free from the use of excessive force and/or the failure to intervene.

67.     As a result of the foregoing, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN is entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Pendant State Law Claims

68. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

70. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

71. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

72. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

73. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

74. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. As a result of the foregoing, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were placed in apprehension of imminent harmful and offensive bodily contact.

76. As a result of defendant's conduct, plaintiffs JONATHAN BELL, RAY C. BELL,

and GRANVILLE PALIN have suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

77.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.    Defendants made offensive contact with plaintiffs without privilege or consent.

79.    As a result of defendant's conduct, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN have been injured.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

80.    Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.    Defendant police officers arrested plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN in the absence of probable cause and without a warrant.

82.    As a result of the aforesaid conduct by defendants, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were subjected to illegal, improper and false arrests by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

83.    The aforesaid actions by the defendants constituted a deprivation of plaintiffs' JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN's rights.

### AS AND FOR THIRTEENTH CAUSE OF ACTION
(Unlawful Imprisonment under the laws of the State of New York)

84.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.    As a result of the foregoing, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were falsely imprisoned, their liberty was restricted for an extended period of time, and they were humiliated and subjected to handcuffing and other physical restraints.

86.    Plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were conscious of said confinement and did not consent to same.

87.    The confinement of plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN was without probable cause and was not otherwise privileged.

88.    As a result of the aforementioned conduct, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN have suffered embarrassment, humiliation, shock, fright and loss of freedom.

## AS AND FOR FOURTEENTH CAUSE OF ACTION
(Unlawful Stop, Search and Seizure under the laws of the State of New York)

89.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.    As a result of the foregoing, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were illegally stopped and searched, their liberty was restricted, and they were humiliated and subjected to handcuffing and other physical restraints.

91.    The stop, search and seizure of plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were without probable cause and were not otherwise privileged.

92.    The stop, search and seizure of plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN violated the New York State Constitution.

93.     As a result of the aforementioned conduct, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN have suffered embarrassment, humiliation, shock, fright and loss of freedom.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

94.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     On or about October 16, 2003, defendant City of New York, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN, and falsely, maliciously, and without probable cause, charged plaintiffs with crimes.

96.     Defendants, with the consent and participation of one another, continued said proceeding despite the fact they knew or should have known that plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN had not committed any crimes, that there were no exigent circumstances justifying a warrant less arrest, and that there was no need for arrest and imprisonment of plaintiffs.

97.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

98.     Defendants lacked probable cause to initiate criminal proceedings against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

99.     Defendants were motivated by actual malice in initiating criminal proceedings against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

100.    Defendants misrepresented and falsified evidence before the District Attorney.

101.   Defendants did not make a complete and full statement of facts to the District Attorney.

102.   Defendants withheld exculpatory evidence from the District Attorney.

103.   Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

104.   Defendants lacked probable cause to continue criminal proceedings against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

105.   Defendants were motivated by actual malice in continuing criminal proceedings against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

106.   Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings ended in a favorable termination when all charges against plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were dismissed on May 6, 2004.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

107.   Plaintiffs repeat, repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.   Defendant police officers issued legal process to place plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN under arrest.

109.   Defendant police officers arrested plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN to obtain a collateral objective outside the legitimate ends of the legal process.

110.    Defendant police officers acted with intent to do harm to plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN, without excuse or justification.

111.    As a result of the aforementioned conduct, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN were injured.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

112.    Plaintiffs repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "111 with the same force and effect as if fully set forth herein.

113    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

114.    The aforementioned conduct was committed by defendants while acting within the scope of their employment for defendant CITY OF NEW YORK.

115.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment for defendant CITY OF NEW YORK.

116.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

117.    As a result of the aforementioned conduct, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN suffered emotional distress, embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

118.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "117" with the same force and effect as if fully set forth herein.

16

119.    Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

120.    Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

121.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

123.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

125.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.   Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

127.   As a result of the foregoing, plaintiffs JONATHAN BELL, RAY C. BELL, and GRANVILLE PALIN are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs JONATHAN BELL., RAY C. BELL, and GRANVILLE PALIN demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Staten Island, New York
       January 3, 2005

                                    LEVENTHAL & KLEIN, LLP
                                    60 Bay Street, 7th Floor
                                    Staten Island, New York 10301
                                    (718) 556-9600

                                    By:  _____
                                         BRETT H. KLEIN (BK4744)

                                    Attorneys for Plaintiffs JONATHAN BELL,
                                    RAY C. BELL, and GRANVILLE PALIN